Patrick N. Keegan, Esq. (SBN167698)
KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
Carlsbad, California 92008
Telephone:  (760) 929-9303
Facsimile:   (760) 929-9260
Email:       pkeegan@keeganbaker.com

Robert A. Waller, Jr. (SBN 169604)
LAW OFFICE OF ROBERT A. WALLER, JR.
P.O. Box 999
Cardiff-by-the-Sea, California 92007
Telephone:  (760) 753-3118
Facsimile:   (760) 753-3206
Email:       robert@robertwallerlaw.com

Attorneys for Plaintiff ROBERT WILSON, Individually and on behalf of all others similarly situated

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT WILSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>RATER8, LLC, a Delaware Limited Liability Company; SAN DIEGO ORTHOPAEDIC ASSOCIATES MEDICAL GROUP, a California Corporation; LARRY D. DODGE, M.D., INC., A California Corporation,<br><br>Defendants. | CASE NO. **'20 CV1515 DMS LL**<br><br>CLASS ACTION COMPLAINT<br><br>*JURY TRIAL DEMANDED* |

Plaintiff ROBERT WILSON ("Plaintiff") alleges, for himself and all others similarly situated, the following facts giving rise to this class action:

**I.    INTRODUCTION AND FACTUAL BACKGROUND**

1.    Plaintiff brings this class action for Defendants' and each of their willful and/or negligent violation of the Telephone Communication Protection Act [47 U.S.C §§ 227, *et seq.*] (the "TCPA").

2. Plaintiff brings this class action also for Defendants' and each of their unlawful business practice in violation of California Business & Professions Code §17200.

3. On Tuesday, June 23, 2020, at approximately 3:25 p.m., Plaintiff received an unsolicited text message to his personal cellular telephone number ending in "6823" which read "Hello, you recently visited Larry Dodge. Please provide your rating: https://x.rater8.com/umg3sy. To unsubscribe: https://x.rater8.com/ujhrq7" (hereinafter "the TCPA text").[1] Plaintiff did not give Defendants or any of them prior express consent to receiving text messages to his personal cellular telephone. Moreover, Plaintiff did not provide his personal cellular telephone number to any of the Defendants.

4. Minutes prior to receiving the TCPA text Plaintiff had been to Defendant SAN DIEGO ORTHOPAEDIC ASSOCIATES MEDICAL GROUP, INC. ("SDOAMG") where he saw Defendant LARRY D. DODGE, M.D., for a medical examination by Dr. Dodge pursuant to a demand by the insurance carrier of the defendant with whom Plaintiff was involved in litigation arising out of an automobile collision. Pursuant to California Code of Civil Procedure §2032.010, *et seq*, which is part of the California Civil Discovery Act (C.C.P. §2016.010, *et seq*.), a defendant in a personal injury action "may demand one physical examination of the plaintiff, ... ." This type of medical examination is referred to generally as an "Independent Medical Examination" or "IME." Generally speaking the purpose of an IME is to allow the defendant in a personal injury action the right to have the plaintiff claiming personal injuries examined by a physician of the defendant's choosing and who has been hired and paid by the defendant (or their insurance carrier or defense counsel) to conduct the examination on behalf of and for the benefit of the personal injury defendant.

5. Plaintiff was therefore required, by applicable law, to appear at the IME being conducted by Dr. Dodge at SDOAMG. Plaintiff had no choice legally other than to appear before Dr. Dodge at SDOAMG for the IME. Absent the demand that Plaintiff appear for

---

[1] As alleged more fully herein Larry Dodge ("Dr. Dodge") is a medical doctor who practices orthopaedic medicine with Defendant San Diego Orthopaedic Associates Medical Group ("SDOAMG").

1 the IME with Dr. Dodge at SDOAMG, Plaintiff would not have been at Defendant
2 SDOAMG and/or Defendant DR. DODGE on June 23, 2020.

3      6.     At no time did Plaintiff provide Defendants SDOAMG and/or DR. DODGE
4 with his cellular telephone number nor did he give prior express consent to SDOAMG or
5 DR. DIDGE to give any telephone number belonging to Plaintiff including his cellular
6 telephone number ending in "6823" to co-Defendant RATER8.

7      7.     At no time did Plaintiff give prior express consent for Defendants RATER8,
8 SDOAMG and/or DR. DODGE to send him (Plaintiff) text messages to his personal cellular
9 telephone number ending in "6823."

10     **II.**    **THE PARTIES**

11      8.     Plaintiff ROBERT WILSON is an individual and a resident of San Diego
12 County, California.

13      9.     Defendant RATER8, LLC (hereinafter "RATER8") is a Delaware Limited
14 Liability Company (Delaware Secretary of State File No. 5674774) with its principal place
15 of business and corporate headquarters in Montvale, New Jersey (New Jersey Division of
16 Revenue and Enterprise Services Entity ID 0600428102). Defendant RATER8 is in the
17 business of providing "Healthcare Reputation Management" including managing patient
18 satisfaction surveys. According to its website (www.rater8.com), Defendant RATER8
19 provides for its customers/clients "Patient Satisfaction Surveys" whereby "upon checkout,
20 patients *immediately* receive a text or email requesting feedback about their visit. This
21 happens in real-time and *automatically*, thanks to our practice management integrations."
22 Below is a screenshot from Defendant RATER8's website
23 https://rater8.com/online-review-builder (last visited 7/30/2020).



What RATER8 describes on its website as to sending out automatic text messages using an automatic telephone dialing system to patients immediately after their appointment is precisely what occurred with Plaintiff as herein alleged.

/ / /

/ / /

/ / /

10. Defendant RATER8 is hired by and/or contracts with Defendant SAN DIEGO ORTHOPAEDIC ASSOCIATED MEDICAL GROUP, INC ("SDOAMG") (and/or Defendant DR. DODGE) whom Defendant RATER8 identifies as a "client" on its website. Below is a screenshot from Defendant RATER8's website https://rater8.com/clients (Last visited 7/30/2020).



11. Defendant SAN DIEGO ORTHOPAEDIC ASSOCIATED MEDICAL GROUP, INC., ("SDOAMG") is a California Corporation (C0700710) whose principal place of business is 4060 Fourth Avenue, Suite 700, San Diego, California 92103. Defendant SDOAMG contracts with Defendant RATER8 to provide and manage customer/patient surveys. Plaintiff alleges Defendant SDOAMG provided his personal cellular telephone number to co-Defendant RATER8.

12. Defendant LARRY D. DODGE, M.D., INC. ("DR. DODGE") is a California Corporation (C1552463) whose principal place of business is 4060 Fourth Avenue, Suite 700, San Diego, California 92103. While DR. DODGE is a separate legal corporation he is associated with, an agent of, a partner in, or has an otherwise unknown business

relationship with co-Defendant SDOAMG. Because the TCPA text Plaintiff received as herein alleged specified Plaintiff's recent visit to "Dr. Dodge", Plaintiff alleges on information and belief DR. DODGE contracts with Defendant RATER8 to provide and manage customer/patient surveys. Plaintiff alleges Defendant DR. DODGE provided his (Plaintiff's) personal cellular telephone number to co-Defendant RATER8.

### III. THE TELEPHONE COMMUNICATION PROTECTION ACT

13. In 1991, Congress enacted the Telephone Communication Protection Act (TCPA) in response to a growing number of consumer complaints regarding certain telemarketing practices.

14. The TCPA regulates, among other things, the use of automatic telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

15. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automatic or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiffs provided express consent within the meaning of the statute.

21. A text message is a call under the TCPA. *See, Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009).

16. Customer/patient surveys are not exempt from the TCPA or the FCC's rules and require the texted party's prior express consent.

17. Plaintiff alleges Defendants and each of them used and/or utilized an automatic telephone dialing system ("ATDS") to text Plaintiff's cellular telephone number ending in "6823" without Plaintiff's prior express consent.

18. Plaintiff alleges based on Defendant RATER8's self-described business practice that it utilizes an automatic telephone dialing system to send automatic text messages such as the TCPA text sent to Plaintiff's personal cellular telephone as herein alleged.

### IV. JURISDICTION AND VENUE

19. This court has federal question subject matter jurisdiction pursuant to 28 U.S.C. §1331, as the action arises under the Telephone Communication Protection Act (TCPA), a federal statute [47 U.S.C §§ 227, *eq seq*.]

20. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §1391(b) because at all times relevant Defendants and each of them were doing business in the district, and a substantial part of the events giving rise to the claim occurred in this jurisdiction.

### V. CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated (the "Class").

22. Plaintiff represents, and is a member of the proposed Class, defined as follows:

> All persons within the United States of America who received a text message from Defendants or any of them, or their agent(s) and/or employee(s) on said person's cellular telephone which was sent using an automatic telephone dialing system.

Defendants and their respective employees and/or agent(s) are excluded from the Class.

23. Plaintiff does not know the number of members in the Class but believes based on the widespread breadth of Defendant RATER8's business and the number of customers/clients for whom it provides "automatic" text message customer surveys, as well as the volume of people who visit Defendants SDOAMG and DR. DODGE, the Class

members number in at least the thousands, if not more. There is sufficient numerosity of Class members to certify this action as a Class so as to promote the expeditious, judicially economical and practical adjudication of this matter on behalf of all members of the Class whose individual claims are too numerous and impractical to litigate individually.

24. Plaintiff and all members of the Class were harmed by the acts of Defendants and each of them in that Defendants and each of them, either directly or through their agent(s), illegally contacted Plaintiff and the Class members via their cellular telephones by using an automatic telephone dialing system and invading the privacy of Plaintiff and the Class members.

25. There is a well-defined community of interest in the question of law and fact involving Plaintiff and the Class members. The questions of law and fact to the Class predominates over questions which may affect individual Class members, including the following:

    a. Whether within four years prior to the filing of this Complaint through the date of final approval, Defendants or its agent(s) or employees sent text messages without the recipients' prior express consent (other than a telephone call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system, to any telephone number assigned to a cellular telephone service;

    b. Whether Plaintiff and the Class members were damaged thereby, and the extend of damages for such violations;

    c. Whether Defendants, and each of them, and their agent(s) should be enjoined from engaging in such conduct in the future; and

    d. Whether within Defendants or its agent(s) or employees engaged in an unlawful business practice in violation of California Business & Professions Code §17200, *et seq.*, by sending text messages in violation of the TCPA without the recipients' express consent.

26. As a person who received at least one text message from Defendants using an automatic telephone dialing system without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical and representative of the Class members. Plaintiff will fairly and adequately represent and protect the interests of the Class members in that Plaintiff has no interests antagonistic to any member of the Class.

27. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' and each of their unlawful and wrongful conduct as alleged. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants and each of them will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

28. Plaintiff has retained counsel experienced in handling class actions and complex claims, claims for invasion of privacy, and claims involving violations of the Telephone Consumer Protection Act ("TCPA").

29. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants and each of them to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants and each of them is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

30. Defendants and each of them have acted on grounds generally applicable to the Class thereby making appropriate final injunctive relief and/or corresponding declaratory relief with respect to the Class as a whole.

31. This suit seeks only statutory and compensatory damages and injunctive relief on behalf of Plaintiff and the Class members, and it expressly is not intended to request any recovery for personal injury and claims related thereto.

32. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

## FIRST CAUSE OF ACTION

### Negligent Violation of the

### Telephone Communication Protection Act of 1992 (TCPA)

### [47 U.S.C §§ 227, *eq seq.*]

33. Plaintiff incorporates herein all prior allegations as though set forth in full.

34. Plaintiff alleges Defendants and each of them violated the Telephone Communication Protection Act ("TCPA") by sending Plaintiff and the Class members unsolicited text message(s) to Plaintiff's and the Class members' cellular telephone(s) without their express consent.

35. The acts and/or omissions of Defendants and each of them as herein alleged constitute negligent violation of the TCPA.

36. As a result of Defendants' and each of their negligent violations of the TCPA as herein alleged Plaintiff and the Class

37. The foregoing acts and omissions of Defendants and each of them constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

38. As a result of Defendants' and each of their negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

39. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

/ / /

/ / /

/ / /

## SECOND CAUSE OF ACTION

## Knowing and/or Willful Violation of the

## Telephone Communication Protection Act of 1992 (TCPA)

**[47 U.S.C §§ 227, *eq seq*.]**

40. Plaintiff incorporates herein all prior allegations as though set forth in full.

41. The foregoing acts and omissions of Defendants and each of them constitute numerous and multiple knowing and/or willful violations of the TCPA including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §227, *et seq*.

42. As a result of Defendants' and each of their knowing and/or willful violations of 47 U.S.C. §227, *et seq.*, Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

43. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

## UNLAWFUL BUSINESS PRACTICE

**[California Business & Professions Code §17200, *et seq*.]**

44. Plaintiff incorporates herein all prior allegations as though set forth in full.

45. Plaintiff alleges Defendants and each of them engaged in an unlawful business practice in violation of California Business & Professions Code §17200.

46. Plaintiff alleges Defendants and each of them engaged in an unlawful business practice when they sent Plaintiff and Class members text messages without their prior consent in violation of the Telephone Communication Protection Act ("TCPA") as herein alleged.

47. The acts, misrepresentations, omissions, practices, and non-disclosures of Defendants and each of them as alleged herein constituted unlawful and unfair business acts and practices within the meaning of the Unfair Competition Laws, California Bus. & Prof. Code §§ 17200 *et seq*.

48. Defendants and each of them have engaged in "unlawful" business acts and practices by Defendant's negligent, knowing, and/or willful sending Plaintiff and Class members text messages without their prior consent in violation of the Telephone Communication Protection Act ("TCPA"). Plaintiff reserves the right to allege other violations of law which constitute unlawful acts or practices.

49. Defendants and each of them have also engaged in "unfair" business acts or practices in that the harm caused by Defendants' negligent, knowing, and/or willful contacting of Plaintiff and the Class on their cellular telephones, in violation of the TCPA outweighs the utility of such conduct and such conduct offends public policy, is immoral, unscrupulous, unethical, deceitful and offensive, and causes substantial injury to Plaintiff and the Class.

50. The aforementioned unlawful or unfair business acts or practices conducted by Defendants have been committed in the past and continues to this day. Defendants have failed to acknowledge the wrongful nature of their actions, and Defendants have not corrected or ceased their "unlawful" and "unfair" conduct.

51. Pursuant to the section 17203 of the California Business & Professions Code, Plaintiff and the Class seek an order of this Court for equitable and/or injunctive relief in the form of requiring Defendants to: (1) immediately stop illegally sending Plaintiff and Class members text messages; (2) creating a policy to stop illegally sending Plaintiff and Class members text messages; and (3) publicizing a notice of these wrongful practices and the corrective action to rectify and stop these wrongful practices to the Class.

52. As a proximate result Plaintiff and the Class are entitled to an injunction prohibiting Defendants and each of them from continuing to engage in the unlawful business practice as herein alleged.

53. As a further direct and proximate result of Defendants and each of theit actions as herein alleged Plaintiff was required to and did retain attorneys and other legal professionals to represent him and all other employees similarly situated in this action and because this action confers a substantial benefit on a large group of persons and enforces

significant rights Plaintiff is entitled to an award of attorney fees and costs in accordance with C.C.P. §1021.5.

## VI. PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

**ON THE FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227,** *et seq.*:

1. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

2. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

3. Any other relief the Court may deem just and proper.

**ON THE SECOND CAUSE OF ACTION FOR KNOWING/WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227,** *et seq.***:**

1. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227(b)(1), Plaintiff seeks for himself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

2. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

3. Any other relief the Court may deem just and proper.

**ON THE THIRD CAUSE OF ACTION FOR UNLAWFUL BUSINESS PRACTICE [California Business & Professions Code §17200]:**

1. Pursuant to the Section 17203 of the California Business & Professions Code, equitable and/or injunctive relief in the form of requiring Defendants to: (1) immediately stop illegally sending Plaintiff and Class members text messages; (2) creating a policy to stop illegally sending Plaintiff and Class members text messages; and (3) publicizing a notice of these wrongful practices and the corrective action to rectify and stop these

wrongful practices to the Class;

    2.    Attorneys' fees and costs pursuant to statute, *inter alia*, section 1021.5 of the California Code of Civil Procedure

    3.    Any other relief the court may deem just and proper.

By,

Dated: August 6, 2020

/s/ Patrick N. Keegan
PATRICK N. KEEGAN
Attorneys for Plaintiff and the Class

### VII. DEMAND FOR JURY TRIAL

Plaintiff for himself and all Class members hereby demands a jury trial on any and all claims for which a jury trial is available.

By,

Dated: August 6, 2020

/s/ Patrick N. Keegan
PATRICK N. KEEGAN
Attorneys for Plaintiff and the Class