UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WILSON,<br><br>         Plaintiff,<br><br>v.<br><br>RATER8, LLC, a Delaware Limited Liability Company; SAN DIEGO ORTHOPAEDIC ASSOCIATES MEDICAL GROUP, a California Corporation; LARRY D. DODGE, M.D., INC., a California Corporation,<br><br>         Defendants. | Case No.: 20-cv-1515-DMS-LL<br><br>**ORDER GRANTING MOTION TO STAY** |

Before the Court is Defendants' motion to stay this action pending a decision from the United States Supreme Court in *Facebook, Inc. v. Duguid, et al.*, Case No. 19-511 ("*Duguid*"). For the reasons discussed below, the motion is granted.

**I.**

**BACKGROUND**

On August 6, 2020, Plaintiff filed this class action against Defendants, alleging a violation of the Telephone Consumer Protection Act (47 U.S.C. § 227, et seq.) ("TCPA"), and California Business & Professions Code § 17200 ("UCL"). (Compl. ¶¶ 1, 2.) Plaintiff alleges that immediately after seeing Larry D. Dodge, M.D. for an independent medical examination, Plaintiff wrongfully received a text message asking him to complete a survey

regarding his visit with Dr. Dodge. (*Id.* at ¶¶ 3, 4.) Plaintiff alleges Defendants used an Automatic Telephone Dialing System ("ATDS") to send the text message without Plaintiff's consent. (*Id.* at ¶¶ 17, 18.) `

On October 27, 2020, Defendants filed a motion to stay proceedings pending a decision from the Supreme Court in *Duguid*. (ECF No. 11.) Defendants claim the forthcoming decision could have a significant and potentially dispositive impact on this case because the Supreme Court may determine what technology qualifies as an ATDS, and thus whether Plaintiff's claims under the TCPA are viable. (*Id.* at 1.)

On November 4, 2020, Plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 12.) In his FAC, Plaintiff asserts an additional state law claim for violations of the Confidentiality of Medical Information Act, Civil Code § 56, et seq. (CMIA). (*Id.* at ¶ 2.) Plaintiff also named Maneesh Bawa, M.D. as an additional defendant. (*Id.*) On November 20, 2020, Plaintiff filed an opposition to Defendant's motion to stay, (ECF No. 15), and Defendants filed a reply brief on November 27, 2020.[1] (ECF No. 16.)

## II.
## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55 (citations omitted).

These interests include (1) "the possible damage which may result from granting a stay," (2) "the hardship a party may suffer if the case is allowed to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of

---

[1] Plaintiff filed objections to a declaration submitted by Defendants' counsel in support of the present motion. (ECF No. 18.) The Court does not rely on the statements contained in the declaration, and therefore declines to rule on the objections.

issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Further, a district court may stay a case "pending resolution of independent proceedings which bear upon the case," even if those proceedings are not "necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). "[S]tays should not be indefinite in nature." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). For a stay to be granted, it must "[appear] likely the other proceedings will be concluded within a reasonable time." *Leyva*, 593 F.2d at 864.

## III.

## DISCUSSION

Judicial efficiency favors a stay of these proceedings. In assessing whether to stay a case, a court must consider "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer*, 398 F.3d at 1110. The Supreme Court's decision in *Duguid* will clarify a core legal issue in this action, namely "[w]hether the definition of ATDS in the TCPA encompasses any device that can 'store' and 'automatically dial' telephone numbers, even if the device does not 'us[e] a random or sequential number generator.'" *See Facebook, Inc. v. Duguid*, 2019 WL 5390116 (U.S.), at *ii (petitioning Supreme Court); *Facebook, Inc. v. Duguid*, No. 19-511, 2020 WL 3865252, at *1 (U.S. July 9, 2020) (granting writ). Here, as noted, Plaintiff alleges that Defendants unlawfully used an ATDS to message him without his express written consent. As Defendants argue, the adjudication of this issue may well determine whether the device used to message Plaintiff constitutes an ATDS under the TCPA. [2] (Mot. to Stay at 25; Reply Brief at 2). Allowing this case to

---

[2] Plaintiff argues that his CMIA claims will remain regardless of the outcome in *Duguid*. (Opp. to Mot. at 1, 7-8). However, these claims arise out of state law, and Plaintiff does not plead diversity jurisdiction with the CMIA Defendants. In the absence of the TCPA claim, subject matter jurisdiction may not exist.

proceed pending a decision in *Duguid* could be wasteful and result in duplicative proceedings. Additionally, in the absence of a stay, the parties would expend resources conducting discovery. The burden of discovery could be reduced by the outcome of *Duguid*. While "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity,'" *Lockyer*, 398 F.3d at 1112, the burden of litigating an issue that may be mooted adds to that potential hardship. Defendants' interest in avoiding potentially unnecessary litigation and discovery is consistent with the Court's interest in preserving judicial resources and efficiency. These factors, therefore, weigh in favor of staying the case.

By contrast, the risk of prejudice to Plaintiff is minimal. The duration of the stay requested by Defendants is reasonably determinate. Under the Supreme Court's customary practice, a decision in *Duguid* will likely be issued by the end of this summer.

Plaintiff argues that a stay will prejudice his case because evidence may become unavailable pending the decision in *Duguid*. (Opp. to Mot. to Stay at 18-19.) However, even crediting Plaintiff's assertion that certain third-party carriers retain call and text message logs for only 18 to 24 months, the issuance of a stay in this matter should not result in loss of such evidence. Plaintiff alleges that he received the subject messages on June 23, 2020. (FAC ¶30). If the Supreme Court issues its decision in *Duguid* as late as August 2021, Plaintiff should still have several months to initiate discovery and obtain the relevant text logs before they become unavailable. The possibility that a stay would limit Plaintiff's access to this evidence is speculative, and largely undermined by Plaintiff's own projections. Plaintiff could also move the Court to lift the stay and pursue targeted discovery in the event a ruling by the Supreme Court is delayed. Considering the interests of justice, competing equities and likely limited duration of the stay, the Court is persuaded that a stay of this case is appropriate.

/ / /

/ / /

/ / /

## IV.

## CONCLUSION AND ORDER

For the reasons discussed above, Defendants' motion is granted and all proceedings in this matter will be stayed pending the Supreme Court's decision in *Duguid*. The parties will notify the Court within 14 days after the Supreme Court issues its decision.

**IT IS SO ORDERED.**

Dated:  February 2, 2021



Honorable Dana M. Sabraw
United States Chief District Judge